[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13839

_____

D. C. Docket No. 05-21772-CV-JEM

QANTUM COMMUNICATIONS CORPORATION,

Plaintiff-Appellee,

versus

STAR BROADCASTING, INC.,
RONALD E. HALE, SR.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 26, 2008)**

Before PRYOR, KRAVITCH and COX, Circuit Judges.

PER CURIAM:

Star Broadcasting, Inc., and its general manager, Ronald E. Hale, Sr., appeal

a summary judgment, default judgment, and award of damages and attorney's fees against them and in favor of Qantum Communications, Inc., which sued to recover damages for a breach by Star of an agreement to sell the assets of a radio station to Qantum. We affirm.

In a well-reasoned opinion, the district court concluded Qantum was entitled to summary judgment and default judgment, and we conclude that the decision of the district court was correct. The district court explained that uncontradicted evidence in the record established as a matter of law that Star violated the plain language of the agreement, and Qantum was entitled to the relief it sought under the language of the agreement. We also conclude that the district court did not abuse its discretion by granting default judgment against Star as a sanction for misconduct after the court found that Hale engaged in a pattern of serious misconduct. The factual findings by the district court that Hale lied under oath about a central issue in the case, withheld discovery about that issue in bad faith, and filed a bankruptcy petition in a bad-faith effort to delay the proceedings were not clearly erroneous and amply support the sanction.

We also affirm the remaining components of the judgment in favor of Qantum. We conclude that the district court did not commit any reversible error in its award of damages. We also conclude that the district court did not abuse its

2

discretion by awarding to Qantum all of its attorney's fees. The award was appropriate in the light of the "scheme of deliberate misuse of the judicial process" by Star and Hale. Chambers v. NASCO, Inc., 501 U.S. 32, 57, 111 S. Ct. 2123, 2139 (1991).

**AFFIRMED**.